**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200082-U

Order filed June 24, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0082 Circuit No. 07-CF-1580 |
| | ) | |
| MICHAEL L. BERRY, | ) ) | Honorable Daniel Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices McDade and Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The court did not err in denying defendant's motion for leave to file a successive postconviction petition.

¶ 2      Defendant, Michael L. Berry, appeals the Will County circuit court's denial of his motion for leave to file a successive postconviction petition. Defendant argues the court erred, as he established cause and prejudice sufficient to warrant leave to file a successive postconviction petition. We affirm.

¶ 3                                                I. BACKGROUND

¶ 4         A jury found defendant guilty of attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2006)) and unlawful use of a weapon by a felon (UUWF) (*id.* § 24-1.1(a)). The court sentenced defendant to 50 years' imprisonment for attempted first degree murder and a consecutive 10 years' imprisonment for UUWF. Defendant's sentence included an additional 25 years added to the attempted murder charge for the personal discharge of a firearm.

¶ 5         The evidence presented to the jury established that an altercation developed in an apartment complex in Joliet between Travale Shorts and Frank Banks. Earlzell Lewis was present with Shorts when the altercation occurred. Defendant heard the confrontation and approached to break up the fight. Lewis testified that he and Shorts left the altercation to go inside one of the apartment buildings in the complex. As he was leaving, he saw defendant with a gun in his hand. Lewis heard two gunshots and felt a bullet hit him on the side of his face. Initially, Lewis told Shorts that Banks shot him, but he identified defendant to the police. Lewis testified at trial that he named Banks because he did not know defendant's name until after he was shot. Two other witnesses, Rasia Woods and Jamar Julien, did not witness the shooting but testified that they knew defendant had a gun with him that day. Lewis required reconstructive surgery, and the surgeon testified that his jaw would never return to a normal level of functioning.

¶ 6         Defendant appealed claiming the evidence adduced at trial was insufficient to prove each element of the offenses beyond a reasonable doubt, the circuit court improperly instructed the jury regarding the elements of attempted first degree murder, and the prosecutor's improper statements during closing arguments deprived him of his right to a fair trial. This court affirmed defendant's convictions and sentences. *People v. Berry*, 2011 IL App (3d) 091048-U.

¶ 7 On October 28, 2013, defendant filed a postconviction petition as a self-represented litigant. In the petition, defendant argued that his right to due process of law was violated when the circuit court allowed the State to present the name and nature of his prior conviction to the jury and that trial and appellate counsel provided ineffective assistance for failing to raise the issue. He also argued the appropriate jury instruction was not given, nor was the special verdict form given to the jury addressing whether defendant personally discharged the firearm. The court summarily dismissed defendant's petition, and defendant appealed. This court affirmed. *People v. Berry*, 2015 IL App (3d) 140050-U.

¶ 8 On December 11, 2019, defendant filed a motion for leave to file a successive postconviction petition claiming actual innocence based on newly discovered evidence regarding the fallibility of eyewitness identifications. When Lewis was shot, he initially told his friend that another person had been the shooter and then identified defendant to the police. Defendant retained an expert, Dr. George Loftus, who opined that Lewis could have misperceived defendant as the shooter and outlined several factors that would explain the misidentification. Loftus provided a report that defendant included as support for his proposed successive postconviction petition. In the report, Loftus lists several factors that could have affected Lewis's memory, including lighting at the scene, duration of the incident, stress, and inference from others at the scene. Loftus's report does not opine that Lewis did not testify truthfully but states that his testimony could be unreliable given the circumstances.

¶ 9 The circuit court denied defendant's motion, finding that Loftus's opinion would not change the result of the trial. Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11        Defendant argues the court erred in denying him leave to file a successive postconviction petition because his motion for leave established both cause and prejudice and an actual innocence claim. Specifically, the motion alleged that defendant had newly discovered evidence that called into question the validity of the eyewitness identification.

¶ 12        The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) contemplates the filing of only one postconviction petition. *People v. Edwards*, 2012 IL 111711, ¶ 22. A defendant may obtain leave of court to file a successive postconviction petition if he can either show cause and prejudice for his failure to raise the claim earlier or raises a colorable claim of actual innocence based on newly discovered evidence. *People v. Oritz*, 235 Ill. 2d 319, 330 (2009). Defendant attempts to argue both cause and prejudice and actual innocence as means to grant his motion for leave to file a successive petition. His petition, however, is based on an actual innocence claim, and we will evaluate it as such.

¶ 13        To succeed on a claim of actual innocence, defendant must present new, material, and noncumulative evidence that is so conclusive it would probably change the outcome of the case if retried. *People v. Coleman*, 2013 IL 113307, ¶ 84. The new evidence need not prove actual innocence, but it must be sufficient to justify a closer scrutiny of all the facts and circumstances presented at trial to determine guilt or innocence. *Ortiz*, 235 Ill. 2d at 337.

¶ 14        Further, a claim of actual innocence is different from insufficiency of the evidence or impeachment of a trial witness. *People v. Mabrey*, 2016 IL App (1st) 141359, ¶ 23. Evidence that serves to impeach or discredit the State's evidence, but does not affirmatively establish a defendant's innocence, does not serve as the basis for the granting of a new trial. *People v. Smith*, 177 Ill. 2d 53, 82-83 (1997). Additionally, newly discovered evidence which merely impeaches a

witness will not typically be of such conclusive character as to justify postconviction relief. *People v. Harris*, 154 Ill. App. 3d 308, 319 (1987).

¶ 15 This is especially true in the instant case, as defendant's new evidence only directly attacks Lewis's testimony. While defendant's expert witness can testify that Lewis's identification of defendant as the shooter is unreliable, this testimony does not warrant closer scrutiny of all the facts presented at trial. Instead, it merely impeaches Lewis's testimony. Additionally, considering the totality of the evidence against defendant, simply impeaching Lewis's testimony is insufficient to call into question the outcome of the case. Therefore, the circuit court did not err in denying defendant's motion for leave to file a successive postconviction petition.

¶ 16 III. CONCLUSION

¶ 17 The judgment of the circuit court of Will County is affirmed.

¶ 18 Affirmed.